IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY DOE, et al.**, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )   Civil No. **07-142-DRH** |
| | ) |
| **ST. CLAIR COUNTY, ILLINOIS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to proceed under fictitious names.  **(Doc. 8)**.  Beneficial plaintiff Jane Doe, born in January 1990, and beneficial plaintiff Jane Roe, born in July 1989, are both minors as of this date.  Named plaintiffs Mary Doe and Mary Roe are their mothers.  Jane Doe and Jane Roe allege that they were sexually abused in February 2006 by defendant Richard Jenkins, a guard at the St. Clair County Juvenile Detention Center.  **(Doc. 2)**.  Plaintiffs contend the minors would be subject to further embarrassment, humiliation and emotional distress if their names, and their mothers' names, became public.

At this juncture all of the defendants have entered their appearances, and none have objected to the subject motion.

Litigating under a pseudonym is antithetical to our public judicial system; therefore, the presumption that a party's name is public information must be rebutted by showing that the harm of identification outweighs the harm of anonymity.  ***Doe v. City of Chicago***, 360 F.3d 667, 669-670 (7th Cir. 2004).  The Court must make an independent determination that exceptional circumstances exist to warrant use of a fictitious name– even if there is no opposition.  ***Id.***

"[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties or witnesses." ***Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).**

The alleged sexual abuse occurred when Jane Doe and Jane Roe were minors, and they are minors as of this date, although they are likely to reach adulthood during the pendency of this action.  The fact that the minor plaintiffs were in custody at all relevant times presents additional privacy concerns. Obviously, if true, the allegations are lewd and embarrassing to the alleged victims, but if not true, the alleged perpetrator would also be subject to embarrassment.  The mothers' embarrassment is of no consequence in this analysis, but revelation of their names would likely reveal their daughters' identities.  At this early point in the litigation, the age of Jane Doe and Jane Roe, their detention status, the nature of the alleged wrongs, and the tremendous potential impact of being subject to public scrutiny and embarrassment combine to outweigh the presumed interest in public litigation.   With that said, if after the close of discovery any party desires to revisit the issue, a motion for reconsideration and/or to prohibit the use of pseudonyms should be filed.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to proceed under fictitious names **(Doc. 8)** is **GRANTED**.  The Court and all litigants shall continue to use the pseudonyms utilized in the caption of the complaint (Jane Doe, Mary Doe, Jane Roe and Mary Roe) for all pleadings and other filings.

**DATED: April 10, 2007**                    **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**