IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE DOE, et al.,

Plaintiffs,

v.                                                          No.    07-142-DRH

ST. CLAIR COUNTY, IL, et al.,

Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This matter comes before the Court on Defendants' motion to dismiss. (Doc. 18.) On January 22, 2007, Plaintiffs Jane Roe, by and through her next friend and mother, Mary Doe, and Jane Roe, by and through her next friend and mother, Mary Roe, filed a complaint against Defendant St. Clair County and several employees at the St. Clair County Juvenile Detention Center challenging "the policies and procedures at the [Center] that permitted three different corrections officers to commit unrelated acts of sexual abuse with different minor detainees. . . " (Doc. 2, ¶ 1.) Defendants have filed a motion to dismiss the complaint pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** and **12(b)(7)**. (Doc. 18.) Plaintiffs filed a response in opposition. (Doc. 30.) For the following reasons, the Court **DENIES** Defendants' motion to dismiss. (Doc. 18.)

## II. Analysis

### A. Motion to Dismiss for Failure to State a Claim

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that **Rule 8** requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a **Rule 12(b)(6)** motion. ***Bell Atlantic Corp. v. Twombly*, \_\_ U.S. \_\_, 127 S. Ct. 1955, 1974 (2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).** The Seventh Circuit has read the ***Bell Atlantic*** decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 2007 WL 2215764, 2 (7th Cir.**

**2007) (citations omitted).**

Defendants argue that Plaintiffs' claim should be dismissed because Plaintiffs brought suit against St. Clair County, Illinois. Defendants argue that Plaintiffs named the wrong party because the individually-named Defendants were employed by the Chief Judge of the Twentieth Judicial Circuit of Illinois, not St. Clair County, Illinois. Plaintiffs contend that their Complaint alleges that the individually-named Defendants were agents of St. Clair County, Illinois and since all allegations in a complaint are assumed to be true and no outside facts may be considered at this stage, the motion to dismiss should be denied. (*See* Doc. 2, ¶¶ 8-14.)

To determine whether an agency relationship exists (and liability attaches) the Court must determine "whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal." **Chemtool, Inc. V. Lubrication Technologies, Inc., 148 F.3d 742, 745** *quoting* **Anderson v. Boy Scouts of Am., Inc., 226 Ill.App.3d 440, 168 Ill.Dec. 492, 589 N.E.2d 892, 894 (1992)**. Furthermore, the "question of whether a principal-agency relationship existed is generally one of fact, but it becomes one of law where the evidence is not disputed." **Valenti v. Qualex, Inc., 970 F.2d 363, 368 (7th Cir. 1992)**

Plaintiffs' complaint alleges that Defendant St. Clair County, Illinois "controlled and supervised the St. Clair County Juvenile Detention Center, its

3

employees and detainees" (Doc. 2, ¶ 17) and that all of the individually-named Defendants were agents of Defendant St. Clair County (Doc. 2, ¶¶ 8-14). Although a plaintiff must state enough facts to suggest that relief is plausible, the court "must accept as true all of the factual allegations contained in the complaint." ***Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)**. This is true "even if it strikes a savvy judge that actual proof of those facts is improbable. . . ." ***Bell Atlantic Corp.*, 127 S. Ct. at 1965.** Furthermore, Plaintiffs are correct that the Court may not consider extrinsic evidence under a **Rule 12(b)(6)** motion to dismiss to disprove these facts. At this point, Plaintiffs have stated sufficient facts to give Defendants' notice of their claims and to raise a plausible claim. Accordingly, the Court denies this portion of Defendants' motion to dismiss.

**B. Motion to Dismiss for Failure to Join a Party**

Defendants next argue that the Complaint should be dismissed because Plaintiffs failed to join the Chief Judge of the Twentieth Judicial Circuit of Illinois ("Chief Judge"), who Defendants maintain is a necessary party pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 19(a)**. Defendants further argue that if the Chief Judge is not impleaded then Defendant St. Clair County might be held liable for actions taken by another entity, despite not having the ability to control the actions taken by the other entity,

Plaintiffs respond that Defendants have failed to prove that the Chief Judge is an indispensable party under **Rule 19(a)**. Plaintiffs argue that even if the Chief Judge employed Defendants (Defendants' sole argument as to why he is a

4

necessary party) that he would be a joint tortfeasor and that joint tortfeasors are not indispensable parties. The Court agrees with Plaintiffs. Defendants have failed to provide any evidence or make any credible argument as to why the Chief Judge is an indispensable party as defined by **Rule 19(a)**. Defendant St. Clair County would only be held liable if in fact the Court finds that an agency relationship existed between Defendant St. Clair County and the other individually-named Defendants. If Defendant St. Clair County and the Chief Judge were jointly liable then Plaintiffs are correct that the Chief Judge would be a joint tortfeasor and according to the **Advisory Committee Notes to Rule 19** joint tortfeasors are not indispensable parties. **("It should be noted particularly, however, that the description is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.")** *Id.* Therefore, this aspect of Defendants' motion to dismiss is also denied.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss. (Doc. 18.) All claims against all parties will proceed.

**IT IS SO ORDERED.**

Signed this 7th day of March, 2008.

/s/          *David R Herndon*

**Chief Judge**
**United States District Court**