# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANE DOE,** *a minor, by and through her next friend and mother,* **MARY DOE**, *et al.* ) ) ) Plaintiffs, ) ) v. ) ) **ST. CLAIR COUNTY, ILLINOIS, et al.** ) | Case No. 07-CV-142-DRH-CJP |

## ORDER

The Illinois Department of Children and Family Services (DCFS) is before the Court seeking to quash a subpoena issued by the plaintiffs in the above-captioned action. **(Docs. 37 and 38).** The subpoena seeks:

> All documents in any medium that contain statements concerning or related to all complaints and investigations regarding misconduct on behalf of persons who are or have been employed by the St. Clair County, IL Juvenile Detention Center, including but not limited to Richard Jenkins, Thomas O'Donnell and Steve Mathis.

**(Doc. 39-2, p. 4).** DCFS contends: (1) plaintiff failed to tender the full witness fee; the request imposes an undue burden, in that it is overly broad and the agency is ill-equipped to carry out such a broad and cumbersome search; and the Illinois Abused and Neglected Child Reporting Act (ANCRA) and Illinois Administrative Code prohibit the disclosure of DCFS records, and those concerns should be respected in Federal Court.

Plaintiffs have now tendered the full witness fee. **(Doc. 39, -2, p. 2).** Plaintiffs further contend the subpoena is not unduly burdensome, in that DCFS has only identified persons employed at the St. Clair County Juvenile Detention Center against whom allegations of sexual misconduct have been alleged: Richard Jenkins, Thomas O'Donnell

1

and Steve Mathis. According to plaintiffs, they are not aware of, and DCFS has not identified, any other former employees of St. Clair County Juvenile Detention Center against whom allegations of misconduct have been made. Furthermore, DCFS has not shown that the subpoena seeks an excessive amount of documents. Rather, DCFS identifies only three documents that are subject to the subpoena: one report of Richard Jenkins and two reports for Thomas O'Donnell. There is apparently also a videotaped interview of Richard Jenkins.

The Court construes DCFS's motion as reflecting a fear that they could miss evidence that has not been identified by the electronic search already performed. However, insofar as plaintiff appears satisfied with receiving <u>only</u> the aforementioend documents and videotape, the subpoena is not overly burdensome. The Court will not enforce the subpoena beyond requiring DCFS to produce the aforementioned materials, because it is overly broad in terms of its scope, and the burden far outweighs any apparent relevance if a broader, unlimited search is required.

DCFS recognizes that the Illinois Abused and Neglected Child Reporting Act (ANCRA), 325 ILCS 5/11, and Sections 431.40(b) and (c) of Title 89 of the Illinois Administrative Code are not strictly applicable in this federal case. However, the Court fully appreciates the purpose of those provisions, which, like Federal Rule of Civil Procedure 26(c), seeks to protect a person from annoyance, embarrassment or oppression–particularly minors and non-parties. Therefore, the identities of non-party minors must be redacted from the materials produced and, consistent with the protective order already in effect **(Doc. 36)**, the parties shall not disclose the materials or use them outside of this specific action. This Court will not permit plaintiffs to lose sight of the

narrow focus of this case, or to embarrass or harass non-parties. The Court will only permit the names of non-party minors redacted from these documents to be revealed upon motion and for good cause shown.

**IT IS THEREFORE ORDERED** that the Illinois Department of Children and Family Services' motion to quash a subpoena issued by the plaintiffs in the above-captioned action **(Doc. 37)** is **GRANTED IN PART AND DENIED IN PART**, in that on or before **March 23, 2008**, the Department of Children and Family Services shall produce the report regarding Richard Jenkins, two reports regarding Thomas O'Donnell and the videotaped interview of Richard Jenkins previously located and identified by the Department. The names of non-party minors shall be redacted from the materials, including the videotape, before being turned over to plaintiffs. The Court remains open to further revision of the terms of release and redaction if the Department of Children and Family Services perceives additional privacy concerns that have not been addressed by this Order.

**IT IS SO ORDERED.**

**DATED: March 7, 2008**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**