IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRYSTAL HAWKINS,** | ) |
| and | ) |
| **SAMANTHA PEPOS**, | ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 3:07-cv-00142-DRH-CJP |
| **ST. CLAIR COUNTY, ILLINOIS**, **RONALD SCHAEFER**, **JAMES BEEVER**, **GREGG GREGORY**, **BEVERLY WILLIAMS**, **BRIDGET CONNORS**, **TYRONE SILLAS**, **TOMISHA McNEAL**, **LISA BRENNAN**, **DARRON SUGGS**, and **RICHARD JENKINS,** | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiffs, KRYSTAL HAWKINS and SAMANTHA PEPOS, through their attorneys, The Rex Carr Law Firm, LLC, for their complaints against Defendants, state as follows:

**INTRODUCTION**

1. This civil action against ST. CLAIR COUNTY and its employees challenges the policies and procedures at the St. Clair County Juvenile Detention Center that permitted three different corrections officers to commit unrelated acts of sexual abuse with different minor detainees within eighteen (18) months, including the acts of sexual abuse perpetrated by RICHARD JENKINS upon Plaintiffs that give rise to this suit.

2. Plaintiffs seek compensatory and punitive damages from Defendants for their violations of Plaintiffs' federally protected rights, as well as damages for the injuries incurred by Plaintiffs as a result of Defendants' assault and battery, intentional infliction of emotional distress,

1

negligent infliction of emotional distress, negligent hiring and retention, negligent training, negligent supervision, negligent reporting of sexual abuse, and negligent failure to protect.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction over Plaintiffs' claims arising under 28 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of the State of Illinois, including assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring and retention, negligent training, negligent supervision, negligent reporting of sexual abuse, and negligent failure to protect, because these state law claims are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

5. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the proper venue for this action because all events and omissions giving rise to Plaintiffs' claims occurred in St. Clair County, a county entirely within the boundaries of the United States District Court, Southern District of Illinois.  Moreover, venue in this Court is proper, pursuant to 28 U.S.C. §1391(b)(1), because all Defendants reside within the Southern District of Illinois.

## PARTIES

6. Plaintiff KRYSTAL HAWKINS is a citizen of the United States of America and was at all relevant times domiciled in St. Clair County, Illinois.

7. Plaintiff SAMANTHA PEPOS is a citizen of the United States of America and was at all relevant timed domiciled in St. Clair County, Illinois.

8. Defendant RONALD SCHAEFER was at all relevant times duly-appointed and acting as the Director of Court Services for ST. CLAIR COUNTY, and a servant, employee, and agent of

2

Defendant ST. CLAIR COUNTY.  At all relevant times, he was acting within the court and scope of this employment.

9. Defendant JAMES BEEVER was at all relevant times duly-appointed and acting as the Superintendent of the St. Clair County Juvenile Detention Center and a servant, employee, and agent of Defendant ST. CLAIR COUNTY.  At all relevant times, he was acting within the scope of this employment.

10. Defendant GREGG GREGORY was at all relevant times duly-appointed and acting as the Assistant Superintendent of the St. Clair County Juvenile Detention Center and a servant, employee, and agent of Defendant ST. CLAIR COUNTY.  At all relevant times, he was acting within the scope of this employment.

11. Defendant BEVERLY WILLIAMS was at all relevant times duly-appointed and acting as the Training Coordinator of the St. Clair County Juvenile Detention Center and a servant, employee, and agent of Defendant ST. CLAIR COUNTY.  At all relevant times, she was acting within the scope of this employment.

12. Defendant BRIDGET CONNORS was at all relevant times duly-appointed and acting as the Training Officer of the St. Clair County Juvenile Detention Center and a servant, employee, and agent of Defendant ST. CLAIR COUNTY.  At all relevant times, she was acting within the scope of this employment.

13. Defendants TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS were at all relevant times duly-appointed and acting as the Shift Supervisors of the St. Clair County Juvenile Detention Center and servants, employees, and agents of Defendant ST. CLAIR COUNTY.  At all relevant times, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS were acting within the scope of their employment.

14. Defendant RICHARD JENKINS was at all relevant times duly-appointed and acting as a Corrections Officer of the St. Clair County Juvenile Detention Center and a servant, employee, and agent of Defendant ST. CLAIR COUNTY.

## FACTS

15. Plaintiff SAMANTHA PEPOS was a detainee at the St. Clair County Juvenile Detention Center between February 9, 2006, and May 9, 2006.

16. Plaintiff KRYSTAL HAWKINS was a detainee at the St. Clair County Juvenile Detention Center between January 27, 2006, and February 27, 2006.

17. At all times relevant to this Complaint, Defendant ST. CLAIR COUNTY controlled and supervised the St. Clair County Juvenile Detention Center, its employees and detainees.

18. At all times relevant to this Complaint, Plaintiffs and Defendants had a special relationship arising from the fact that Defendants had custody of Plaintiffs pursuant to state law under circumstances such as to deprive them of their normal opportunities for protection.

19. Upon information and belief, two different corrections officers at the St. Clair County Juvenile Detention Center, other than RICHARD JENKINS, committed separate and unrelated acts of sexual abuse with detainees at the St. Clair County Juvenile Detention Center in the eighteen (18) months prior to Plaintiffs' detention.

20. RICHARD JENKINS was the third corrections officer in eighteen (18) months to commit acts of sexual abuse with a detainees at the St. Clair County Juvenile Detention Center.

21. Defendants had actual or constructive knowledge, or should have known, that Corrections Officers at St. Clair County Juvenile Detention Center had customs, policies and/or practices of engaging in acts of sexual abuse with minor detainees, and of the risk of harm to Plaintiffs and other detainees.

4

22. At all relevant times, Defendants RONALD SCHAEFER, JAMES BEEVER and GREGG GREGORY possessed the policy making authority at the St. Clair County Juvenile Detention Center, including, but not limited to, the authority to:

    a. Hire and fire employees of the St. Clair County Juvenile Detention Center, and create and enforce policies therefor;

    b. Train employees of the St. Clair County Juvenile Detention Center and create and enforce policies therefor;

    c. Supervise employees of the St. Clair County Juvenile Detention Center and create and enforce policies therefor;

    d. Create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center.

23. At all relevant times, Defendants BEVERLY WILLIAMS and BRIDGET CONNORS possessed the policy making authority at the St. Clair County Juvenile Detention Center, including, but not limited to:

    a. Train employees of the St. Clair County Juvenile Detention Center, and create and enforce policies therefor;

    b. Supervise employees of the St. Clair County Juvenile Detention Center, and create and enforce policies therefor;

    c. Create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center.

24. At all relevant times, Defendants TYRONE SILLAS, LISA BRENNAN, TOMISHA McNEAL, and DARRON SUGGS possessed the policy making authority at the St. Clair County Juvenile Detention Center, including, but not limited to:

    a. Supervise employees of the St. Clair County Juvenile Detention Center, and create and enforce policies therefor;

    b. Create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically

sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center.

25. Between January 27, 2006 and February 27, 206, while working at the St. Clair County Juvenile Detention Center, Defendant RICHARD JENKINS, acting in his individual and official capacity, and acting under the color and pretense of state law and his authority as a Corrections Officer, sexually abused Plaintiffs, otherwise commit acts of sexual misconduct to the detriment of Plaintiffs, and threatened Plaintiffs.

26. Despite their knowledge of sexual abuse by Corrections Officers, beginning on or about January 27, 2006, Defendants RONALD SCHAEFER, JAMES BEEVER and GREGG GREGORY, acting in their individual and official capacities, and acting under the color and pretense of state law and as employees and agents of ST. CLAIR COUNTY, failed to perform the following actions:

   a. Hire and retain corrections officers, and create and execute policies and procedures therefor, to protect Plaintiffs and other detainees from sexual abuse by corrections officers;

   b. Train corrections officers, and create and enforce policies and procedures therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

   c. Supervise corrections officers, and create and enforce policies and procedure therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

   d. Create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center; and,

   e. Report that they had "reasonable cause to believe a child known to them in their professional or official capacity may be an abused child" to appropriate officials. 325 ILCS 5/4.

   f. Otherwise protect Plaintiffs from harm from RICHARD JENKINS.

27. Despite their knowledge of sexual abuse by Corrections Officers, beginning on or about January 27, 2006, Defendants BEVERY WILLIAMS and BRIDGET CONNORS, acting in

their individual and official capacities, and acting under the color and pretense of state law and as employees and agents of ST. CLAIR COUNTY, failed to perform the following actions:

    a. Train corrections officers, and create and enforce policies and procedures therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

    b. Supervise corrections officers, and create and enforce policies and procedure therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

    c. Create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center; and,

    d. Report that they had "reasonable cause to believe a child known to them in their professional or official capacity may be an abused child" to appropriate officials. 325 ILCS 5/4.

    e. Otherwise protect Plaintiffs from harm from RICHARD JENKINS.

28. Despite their knowledge of sexual abuse by Corrections Officers, beginning on or about January 27, 2006, Defendants TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS, acting in their individual and official capacities, and acting under the color and pretense of state law and as employees and agents of ST. CLAIR COUNTY, failed to perform the following actions:

    a. Supervise corrections officers, and create and enforce policies and procedure therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

    b. Create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center; and,

    c. Report that they had "reasonable cause to believe a child known to them in their professional or official capacity may be an abused child" to appropriate officials. 325 ILCS 5/4.

    d.  Otherwise protect Plaintiffs from harm from RICHARD JENKINS.

29. Because of their knowledge of the pattern and practice of sexual abuse by Corrections Officers, Defendants' actions and non-actions demonstrated an utter indifference to or conscious disregard for the rights, safety and well-being of minor Plaintiffs and other minor detainees at the St. Clair County Juvenile Detention Center.

## COUNT I

### Violation of Federal Civil Rights (Section 1983)
### Against RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual and official capacities

30. Plaintiffs incorporate by reference Paragraphs 1 through 29.

31. Defendants, acting under color of state law, deprived Plaintiffs of rights, privileges and immunities secured by law and the Constitution of the United States, including Plaintiffs' rights to be free from harm, excess force and cruel and unusual punishment, secured by the Eighth and Fourteenth Amendment, by committing the actions and non-actions stated in Paragraphs 25-28 of this Complaint.

32. Defendants' aforementioned actions and non-actions exhibited a deliberate indifference for Plaintiffs' rights.

33. Defendants had customs, policies and practices that violated the federal rights of U.S. citizens and that harmed Plaintiffs, in that Defendants:

    a.  Sexually abused detainees at the St. Clair County Juvenile Detention Center;

    b.  Failed to hire and retain corrections officers, and create and execute policies and procedures therefor, to protect Plaintiffs and other detainees from sexual abuse by corrections officers;

    c.  Failed to train corrections officers, and create and enforce policies and procedures therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

    d. Failed to supervise corrections officers, and create and enforce policies and procedure therefor, to ensure that Plaintiffs and other detainees were protected from sexual abuse by corrections officers;

    e. Failed to create and enforce procedures and policies to prevent and/or deter sexual misconduct by employees or agents of the St. Clair County Juvenile Detention Center, specifically sexual misconduct directed towards the minors under the care and supervision of the St. Clair County Juvenile Detention Center; and,

    f. Failed to report that they had "reasonable cause to believe a child known to them in their professional or official capacity may be an abused child" to appropriate officials.  325 ILCS 5/4.

    g. Failed to otherwise protect Plaintiffs from harm from RICHARD JENKINS.

34. Defendants' actions and non-actions had an evil motive or intent, or a reckless or callous indifference to the federally protected rights, health, safety and well being of Plaintiffs and other detainees.

35. Plaintiffs incurred severe and permanent physical and psychological injuries as a result of Defendants' violations of Plaintiffs' constitutional rights.

WHEREFORE, Plaintiffs pray for this Court to enter judgment in their favor against Defendants in their individual and official capacities in excess of One Million Dollars ($1,000,000.00) to compensate Plaintiffs for their injuries, to award Plaintiffs reasonable attorneys' fees, costs and expenses incurred pursuant to 42 U.S.C. § 1988(b), and to allow a jury for all claims triable by jury.  Plaintiffs further pray for entry of judgment for punitive damages against Defendants RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual capacities in an amount that will punish them and deter them and others from such conduct, and for such other relief as this Court deems reasonable, just and proper.

9

## COUNT II

### Assault and Battery
### Against RICHARD JENKINS in his individual and official capacity

36. Plaintiffs incorporate by reference Paragraphs 1 through 29.

37. Defendant RICHARD JENKINS, acting in his individual and official capacity, wilfully touched Plaintiffs or successfully attempted to commit violence on Plaintiffs.

38. Defendant RICHARD JENKINS, acting in his individual and official capacity, committed unlawful offers of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate that offer, to Plaintiffs.

39. Defendant RICHARD JENKINS knew, or should have known, that such action was not welcome, and that such action would be offensive.

40. Defendant's actions violated his duty of care to Plaintiffs.

41. Plaintiffs incurred severe and permanent physical and psychological injuries as a result of Defendants' breach of duty.

WHEREFORE, Plaintiffs pray for this Court to enter judgment in their favor against RICHARD JENKINS in his individual and official capacity in excess of One Million Dollars ($1,000,000.00) to compensate Plaintiffs for their injuries, to award Plaintiffs reasonable attorneys' fees, costs and expenses incurred pursuant to 42 U.S.C. § 1988(b), and to allow a jury for all claims triable by jury.  Plaintiffs further pray for entry of judgment for punitive damages against RICHARD JENKINS in his individual capacity in an amount that will punish him and deter him and others from such conduct, and for such other relief as this Court deems reasonable, just and proper.

## COUNT III

### Intentional Infliction of Emotional Distress
### Against RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual and official capacities, and ST. CLAIR COUNTY

42. Plaintiffs incorporate by reference Paragraphs 1 through 29.

43. Defendants conduct was intentional and/or demonstrated a reckless disregard for the rights, health, safety and well being of Plaintiffs.

44. Defendants' conduct was extreme and outrageous.

45. Defendants intended, or knew with high probability, that their conduct would inflict severe emotional distress.

46. Defendants' conduct violated their duties of care to Plaintiffs.

47. In addition to liability for their own intentional acts, Defendants RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN, DARRON SUGGS and ST. CLAIR COUNTY are vicariously liable for the conduct of RICHARD JENKINS, and Defendant ST. CLAIR COUNTY is vicariously liable for the conduct of its employees and agents.

48. As a direct and proximate result of Defendants' breaches of their duties of care to Plaintiffs, Plaintiffs suffered severe emotional distress.

WHEREFORE, Plaintiffs pray for this Court to enter judgment in their favor against Defendants in their individual and official capacities in excess of One Million Dollars ($1,000,000.00) to compensate Plaintiffs for their injuries, to award Plaintiffs reasonable attorneys' fees, costs and expenses incurred pursuant to 42 U.S.C. § 1988(b), and to allow a jury for all claims triable by jury. Plaintiffs further pray for entry of judgment for punitive damages against Defendants RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY,

BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual capacities in an amount that will punish them and deter them and others from such conduct, and for such other relief as this Court deems reasonable, just and proper.

## COUNT IV

### Negligent Infliction of Emotional Distress
**Against RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual and official capacities, and ST. CLAIR COUNTY**

49. Plaintiffs incorporate by reference Paragraphs 1 through 29.

50. Defendants' conduct constituted negligent violations of their duties of care to Plaintiffs.

51. In addition to liability for their own negligent acts, Defendants RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS and ST. CLAIR COUNTY are liable for the negligent acts of RICHARD JENKINS, and Defendant ST. CLAIR COUNTY is vicariously liable for the conduct of its employees and agents.

52. As a direct and proximate result of Defendants' negligent violations of their duty of care to Plaintiffs, Plaintiffs suffered personal injuries including severe emotional distress.

WHEREFORE, Plaintiffs pray for this Court to enter judgment in their favor against Defendants in their individual and official capacities in excess of One Million Dollars ($1,000,000.00) to compensate Plaintiffs for their injuries, to award Plaintiffs reasonable attorneys' fees, costs and expenses incurred pursuant to 42 U.S.C. § 1988(b), and to allow a jury for all claims triable by jury. Plaintiffs further pray for entry of judgment for punitive damages against Defendants RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL,

LISA BRENNAN and DARRON SUGGS in their individual capacities in an amount that will punish them and deter them and others from such conduct, and for such other relief as this Court deems reasonable, just and proper.

## COUNT V

### Negligence
**Against RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual and official capacities, and ST. CLAIR COUNTY**

53. Plaintiffs incorporate by reference Paragraphs 1 through 29.

54. Defendants' conduct, stated in Paragraphs 26, 27 and 28 of this Complaint, constituted negligent violations of their duties of care to Plaintiffs.

55. As a direct and proximate result, Plaintiffs suffered severe and permanent physical and psychological injuries.

WHEREFORE, Plaintiffs pray for this Court to enter judgment in their favor against Defendants in their individual and official capacities in excess of One Million Dollars ($1,000,000.00) to compensate Plaintiffs for their injuries, to award Plaintiffs reasonable attorneys' fees, costs and expenses incurred pursuant to 42 U.S.C. § 1988(b), and to allow a jury for all claims triable by jury.  Plaintiffs further pray for entry of judgment for punitive damages against Defendants RICHARD JENKINS, RONALD SCHAEFER, JAMES BEEVER, GREGG GREGORY, BEVERLY WILLIAMS, BRIDGET CONNORS, TYRONE SILLAS, TOMISHA McNEAL, LISA BRENNAN and DARRON SUGGS in their individual capacities in an amount that will punish them and deter them and others from such conduct, and for such other relief as this Court deems reasonable, just and proper.

Respectfully Submitted,


  /s/ Christian G. Montroy
Christian G. Montroy
The Rex Carr Law Firm, LLC
Attorneys to Plaintiffs
412 Missouri Avenue
East St. Louis, IL 62201
Phone:  618.274.0434
Fax:       618.274.8369
E-mail:   CMontroy@RexCarr.com
IL Bar #6283566


**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2008, I electronically filed Plaintiffs' FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

            /s/ Christian G. Montroy