IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KRYSTAL HAWKINS, et al.**, )
)
    Plaintiffs, )
)
V. ) Civil No. **07-142-DRH-CJP**
)
**ST. CLAIR COUNTY, ILLINOIS, et al.,** )
)
    Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

    State's Attorney for St. Clair County, Robert Haida, and Assistant State's Attorney Leonard Cleary are before the Court seeking to quash subpoenas propounded by the plaintiffs in the above-captioned case, directing Haida and Cleary to appear for deposition and document production on Thursday, May 8, 2008– two days hence. **(Doc. 70).** Plaintiffs' counsel, Christian Montroy[1], has a pressing deadline in another court and has asked for an extension of time, to May 9, 2008, to respond to the motion to quash. **(Doc. 72).**

    Because the subpoenas at issue are for May 8, 2008, the Court cannot wait until May 9, 2008, to consider the plaintiffs' response. Therefore, plaintiffs' motion for an extension of time **(Doc. 72)** must fail. However, for reasons set forth below, the controversy may not end with this order.

    The subpoena merely reflects that Haida and Cleary are to be deposed in the above-captioned case. With respect to the document request, the subpoena seeks "All documents

---

    [1]The motion refers to the Rex Carr Law Firm as the movant, but since individuals, not law firms, represent litigants in federal court, the Court construes the motion as being filed on behalf of the plaintiffs and their counsel of record, Christian Montroy.

pertaining to communications with any defendants in the above-styled case." If privilege is asserted, the deponents are directed to provide a privilege log, along with citation to law and fact for each element of the privilege asserted.  Assuming plaintiffs' counsel will not delve into matters not relevant to the issues in this action, Haida and Cleary note that plaintiffs are likely aiming at information about this civil action, as well as a criminal investigation of defendant Richard Jenkins.

The Amended Complaint alleges that defendant Richard Jenkins, a correctional officer, and others, sexually abused the plaintiffs, who at the time were detainees at the St. Clair County Juvenile Detention Center.  The other named defendants are linked by way of their alleged knowledge of the events and/or role in carrying out the customs, policies and/or practices that allowed the alleged harm to occur.

The motion to quash is premised primarily upon the statutorily-imposed attorney-client relationship between the State's Attorney (and his Office) and the defendants, who are County employees. ***See* 55 ILCS 5/3-9005.**  Haida and Cleary also cite *Hickman v. Taylor*, 329 U.S. 495, 509-510 (1947), in which the Supreme Court opined that attempts to secure the production of written statements and mental impressions in the files and mind of an adverse attorney, without any showing of necessity, when other avenues of discovery remain open, falls outside the arena of discovery and goes against public policy.

As in *Hickman v. Taylor*, there is no readily apparent rationale for invading the attorney-client relationship between the State's Attorney and the defendant County employees, or for invading the State's Attorney's investigative and prosecutorial purview.  Federal Rule of Civil Procedure 45(c)(3)(A)(iii) permits the Court to quash a subpoena in order to stop the disclosure of privileged or otherwise protected matter, when no exception or waiver applies.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, the subject motion to quash the subpoenas issued to St. Clair County, Robert Haida, and Assistant State's Attorney Leonard Cleary **(Doc. 70)** is **GRANTED**.  The Court is open to revisiting the issue.

**IT IS SO ORDERED.**

**DATED: May 6, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
