IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KRYSTAL HAWKINS, et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **07-142-DRH-CJP** |
| | ) | |
| **ST. CLAIR COUNTY, ILLINOIS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to amend and correct the Court's September 11, 2008, order granting the defendants' joint motion to compel plaintiff "Jane Doe" to produce diaries and journals for the period of May 2006 through February 2007. **(Doc. 107).** Due to a procedural snafu regarding the plaintiffs' names, the motion to amend and correct **(Doc. 107)** is granted, in that the Court's prior order **(Doc. 102)** has been vacated and the motion to compel **(Doc. 44)** will be considered anew. However, before addressing the merits of the motion to compel, the procedural snafu must be addressed.

**The Proper Naming of the Plaintiffs**

By order dated September 11, 2008, the Court construed the motion as having been filed by plaintiff Krystal Hawkins, the first-named plaintiff in the amended complaint. **(Doc. 102).** Plaintiffs now inform the Court that "Jane Doe," the first-named plaintiff in the original complaint and in the Court's electronic docketing system, is actually Samantha Pepos, the second named plaintiff in the amended complaint and in the Court's electronic docketing system. **(Doc. 107).** Accordingly, the Court's September 11, 2008, order **(Doc. 102)** has ben vacated.

1

A comparison of the original complaint **(Doc. 2)** and the amended complaint **(Doc. 54)** reveals that the sequence of the names in the caption of the amended complaint was switched. **(Compare Doc.2, pp. 1 and 6, to Doc. 54, pp. 1 and 4).** The first-named plaintiff in the original complaint, "Jane Doe," should have remained the first-named plaintiff in the amended complaint, "Krystal Hawkins." The Court was never alerted that the order of the parties had been altered, which is particularly crucial since the purpose of amending the complaint was to "*substitute* the real parties in interest." **(*See* Docs. 50 and 51).** Needless to say, such a mix-up wreaks havoc in this era of electronic docketing, and particularly in this situation, where the Court must rule on and refer in the record to motions filed by and about "Jane Doe" and "Jane Roe." Rather than strike the amended complaint and order the names be plead in the correct order, the Court will direct the Clerk of Court to have the docket reflect that plaintiff Samantha Pepos is also known as "Jane Doe," and plaintiff Krystal Hawkins is also known as "Jane Roe." In order to ensure that there is no more confusion, the caption of all future documents filed by the parties shall carry the plaintiffs' names and corresponding pseudonyms in the same manner as the Court's docket.

### **Plaintiff Pepos's Diaries and Journals**

According to the defendants, although such documents were encompassed by a request for production, they were never revealed, but were later discussed by Pepos during her deposition. In the event the requested documents are not in Pepos's possession or control, defendants request that she reveal the last known whereabouts of the documents. Plaintiff Pepos responds that: (1) her diaries and journals should be shielded from production because production would cause her unnecessary embarrassment; (2) production invades her

constitutional right to privacy; (3) the request is overly broad; (4) the diaries and journals are not relevant to liability; and (6) the diaries and journals "may contain statements regarding illegal activity;" therefore, Pepos asserts her rights under the Fifth Amendment. **(Doc. 49).**

As a preliminary matter, the Court finds Pepos's diaries and journal entries for the limited time period sought (May 2006 through February 2007) to be relevant, in that the purported absence of commentary regarding the alleged sexual assault is a statement in and of itself, particularly when Pepos has indicated she regularly wrote about her most private thoughts and feelings. The diaries are relevant to Pepos's veracity regarding the alleged assault and her damages– including revelation of other events that may have contributed to her claimed depression. Therefore, plaintiff's objections related to relevance and the scope of the request are overruled.

Plaintiff's reliance on the "right to privacy" afforded by the First and Fourth Amendment is somewhat strained. The defendants' access to the diaries and journals is solely based on the Court's discovery process. ***See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984).** If a litigant fails to comply with an appropriate discovery request, the Court may have to interject itself and order compliance, enforceable by the Court's contempt powers. ***Id.*, 467 U.S. at 30.** Thus, there is government compulsion involved. ***See Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *NAACP v. Alabama*, 357 U.S. 449, 463 (1958) (in a civil action involving compelled disclosure of membership records the court held that action solely though the judicial branch is still an application of state power)).**

The filing of a lawsuit is an implicit partial waiver of the right to privacy. ***See Grandbouche v. Clancy*, 825 F.2d 1463, 1466-1467 (10th Cir. 1987).** The need for discovery

3

must be balanced against the competing privacy interest.  *See Marrese v. American Academy of Orthopaedic Surgeons,* **706 F.2d 1488, 1494 (7th Cir. 1983).**  The relevance of the diaries and journals is set forth above.  Plaintiff Pepos's privacy concerns are rooted in her fear of embarrassment by the revelation of her private thoughts, some of which she indicates are equal to or worse than the alleged assault.  Keeping in mind that information that is subject to discovery is not necessarily admissible at trial, the Court cannot deprive the defendants of the chance to review plaintiff's diaries and journals when those documents may constitute the only documented relatively contemporaneous, tangible evidence of plaintiff's damages and the cause thereof.

> Plaintiff also claims protection under the Fifth Amendment.
>
> Though by its terms applicable only in criminal proceedings, the Fifth Amendment privilege against self-incrimination has long been held to extend to compelling answers by parties or witnesses in civil litigation. "[The privilege] applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarthy v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924).

*National Acceptance Co. of America v. Bathalter,* **705 F.2d 924, 926 (7th Cir.1983) (footnote omitted).**  The privilege is applicable to discovery.  *Id.* **at 927.**

Pepos's counsel states that her diaries and journals "may" contain statements regarding illegal activity.  Of course, the diaries and journals cannot be afforded any protection based on what they "may" contain.  However, during her deposition, in response to questions posed by her own attorney, Pepos stated unequivocally that the diaries/journals contain statements regarding illegal activity.  **(Doc. 49-1, p. 234).**  The Court cannot merely accept the word of the 18 year old plaintiff that the privilege is applicable, particularly when her attorney's assertion of the privilege seems shaky.  *Hoffman v. U. S.*, **341 U.S. 479, 486 (1951).**  However, a review of

4

plaintiff's deposition testimony provides sufficient information for the Court to be reasonably certain that portions of Pepos's diaries and journals could provide evidence linking her to a crime, and thereby giving her a reasonable fear of prosecution[1]. ***See Id.*** With that said, a few incriminating notations cannot shield all of plaintiff's diaries and journals; rather, those incriminating portions may be redacted– *if* any of the incriminating statements are even within the diary and journal entries for the period of May 2006 through February 2007.

Concluding that the request for production is relevant, sufficiently narrow and not wholly protected by any privilege does not end the analysis. Plaintiff claims protection due to embarrassment. In *Seattle Times Co. v. Rhinehart*, the Supreme Court noted that the Federal Rules of Civil Procedure "often allow extensive intrusion into the affairs of both litigants and third parties." **Seattle Times Co., 467 U.S. at 30.** However, Federal Rule of Civil Procedure 26(c) does provide protection from embarrassment. The protection afforded can range from prohibiting production, to taking measures to limit the dissemination of the information. **(See Fed.R.Civ.P. 26(c)(1-8)).** The Court appreciates the embarrassing nature of the issues in this action, for all concerned. Plaintiff argues that she has kept diaries and journals since she was a little girl, and production of her most private thoughts would embarrass her and/or her relatives and others– as illustrated by her breaking down in tears during her deposition.

Pepos characterizes some of the material in her diaries and/or journals as possibly being more embarrassing than the alleged sexual assault. Embarrassment is generally a subjective matter, but from an objective perspective, journals and diaries typically contain embarrassing revelations and the like. The relevance of the diaries and journals (discussed above) outweighs

---

[1] *See* Doc.49-1, pp. 219, 222-223 and 226.

the potential embarrassment associated with revealing one's diary entries, so the Court will not preclude production. Rather, the diaries and journals shall be kept confidential and not disseminated beyond the parties, attorneys and their associates working on this case. If any of the diaries or journals must be published in connection with a written motion or other filing, they shall be filed under seal. If the diaries or journals are to be used at trial, the Court will revisit the scope of protection at that juncture. The sealing of the diaries and journals will undoubtedly be revisited by the Court of Appeals for the Seventh Circuit if an appeal is filed.

**IT IS HEREBY ORDERED** that, the plaintiffs' motion to amend and correct **(Doc. 107)** is **GRANTED**, in that the Court's prior order **(Doc. 102)** shall be **VACATED**.

**IT IS FURTHER ORDERED** that, for good cause shown, the defendants' motion to compel **(Doc. 44)** is **GRANTED**. On or before **September 29, 2008**, plaintiff Samantha Pepos, also known as "Jane Doe," shall produce to the defendants, her diaries and journals for the period of May 2006 through February 2007. In the event the diaries and journals are not in Pepos's possession or control, she shall reveal the last known whereabouts of the documents. Pepos may redact any entries that her counsel deems incriminating for purposes of the Fifth Amendment. The diaries and journals shall, as discussed In more detail above, be kept confidential and not disseminated beyond the parties, attorneys and their associates working on this case. If any of the diaries or journals must be published in connection with a written motion or other filing, they shall be filed under seal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall have the record reflect that plaintiff Samantha Pepos is also known as "Jane Doe," and plaintiff Krystal Hawkins is also known as "Jane Roe." The caption of all future documents filed by the parties shall carry the

6

plaintiffs' names and corresponding pseudonyms in the same manner as the Court's docket.

**IT IS SO ORDERED.**

**DATED: September 17, 2008**         <u>**s/ Clifford J. Proud**</u>
                                      **CLIFFORD J. PROUD**
                                      **U. S. MAGISTRATE JUDGE**