IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRYSTAL HAWKINS and
SAMANTHA PEPOS,

Plaintiff,

v.

ST. CLAIR COUNTY, RONALD
SCHAEFER, JAMES BEEVER,
and RICHARD JENKINS, No. 07-142-DRH

Defendant.


## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court are several motions *in limine* filed by Defendant Richard Jenkins (Docs. 82, 83, 84, 85, 87, 88, 89, 93 & 124). Plaintiffs have filed responses to the motions (Docs. 133, 134, 135, 136, 138, 139, 140, 141, 142). Defendant Jenkins has also filed a motion to bar Michelle Rogers (Doc. 86). Plaintiffs have also filed a response to Defendant's motion to bar (Doc. 137). Defendant Jenkins has filed a reply to his first and ninth motions *in limine* (Doc. 144 & 145). The Court rules as follows:

A. **First Motion *in Limine***

The Court **GRANTS** Defendant's First Motion *in Limine* (Doc. 82).

Specifically, Defendant seeks to preclude Plaintiffs from referencing Defendant's prior assertion of his Fifth Amendment privilege, mentioning his invocation of his Fifth Amendment right, or calling any witness to testify in this regard. Defendant argues that such evidence is irrelevant, not probative, and prejudicial. Plaintiffs argue that Defendant asserted his Fifth Amendment right in bad faith and his invocation of that right is probative for Defendant's credibility. Contrary to Plaintiffs' assertion, Defendant's invocation of his Fifth Amendment right is a constitutional right, not a matter of credibility. Further, the assertion of the Fifth Amendment has low probative value when, as here, the opposing party "had sufficient opportunity to obtain discovery...on all issues relevant to the trial." **Harris v. City of Chicago, 266 F.3d 750, 753-54 (7th Cir. 2001)**. Therefore, the Court **GRANTS** Defendant's first motion *in limine* (Doc. 82).

**B.      Second Motion *in Limine***

The Court **DENIES** Defendant Jenkins' Second Motion *in Limine* (Doc. 83). Defendant seeks to exclude testimony regarding the diagnosis, permanency, and prognosis of Plaintiffs because Plaintiffs have not been treated by any medical professional within the last year. Defendant cites to the Illinois case **Soto v. Gayton, 313 Ill.App.3d 137, 728 N.E.2d 1126 (2000)** for its proposition that a medical professional is not able to testify regarding the permanency of a plaintiff's injury without a recent medical exam. However, the length of time between a medical exam and a witness' testimony goes to weight and credibility, not to its admissibility.

Thus, the Court **DENIES** Defendant Jenkins' second motion *in limine* (Doc. 83).

**C.     Third Motion in Limine**

The Court **GRANTS IN PART AND DENIES IN PART** Defendant Jenkins' Third Motion *in Limine* (Doc. 84). Defendant Jenkins' third motion *in limine* seeks numerous forms of relief. Defendant first asks that the Court preclude any witness from referring to Plaintiffs as "victims" and Defendant as "offender" or "rapist." Plaintiffs argue that precluding the terms victim and rapist or offender, or requiring witnesses to state "alleged" would be grammatically incorrect and would impose the court's opinion upon the jury. The Court agrees.

Defendant also asks the Court not to react to Plaintiffs while they are on the stand by offering them Kleenex or a glass of water because, Defendant argues, it might suggest that the Court believes Plaintiffs are victims. The Court denies this request. The Court will behave in an appropriate manner at trial.

Defendant also argues that evidence that the Detention Center installed cameras after the alleged incident should be excluded under **FEDERAL RULE OF EVIDENCE 407** because it is evidence of a subsequent remedial measure and does not fall into any of the exceptions under Rule 407. Plaintiffs argue that evidence of the installation of cameras is necessary for proving an element of its § 1983 claim against St. Clair County as evidence that the County was a final policymaker. Further, Plaintiffs argue that evidence the County installed video cameras is evidence of its ability and opportunity to control Defendant Jenkins as well as being relevant

with respect to the feasability of precautionary measures. All of the purposes offered by Plaintiffs are permissible under **FEDERAL RULE OF EVIDENCE 407** which allows admission of subsequent remedial measures when offered for another purpose "such as proving ownership, control, or feasability of precautionary measures, if controverted, or impeachment." **FED. R. EVID. 407.** Therefore, the Court denies Defendant's motion *in limine* as to evidence of the installation of cameras at the Detention Center.

Further, Defendant requests that the Court exclude any mention of any lost wages, employment opportunities, or lost ability to engage in a sexual relationship as plaintiffs are not seeking any of these damages. Plaintiff agrees that it is not seeking these damages and does not object to the exclusion of any reference to those damages. Therefore, the Court grants Defendant's request to exclude references to those damages.

Finally, Defendant seeks to exclude any mention or reference to St. Clair County paying attorney fees of Richard Jenkins. The Plaintiffs do not object to Defendant's request to exclude those references and the Court therefore grants Defendant's motion on that issue.

### D.   Fourth Motion *in Limine*

Defendant Jenkins' fourth motion *in limine* seeks to preclude Tina Hawkins and Deborah Williams, as well as any other lay witnesses, from testifying as to the behavior, symptoms, or signs Plaintiffs exhibited since the alleged assault

without Plaintiffs first laying proper expert foundation (Doc. 85). Defendant argues that Plaintiffs intend to allow Tina Hawkins and Deborah Williams, mothers of the Plaintiffs, to testify as to their daughters' behavior and change in behavior after the alleged assault. Defendant argues that this testimony would be lay opinion testimony that their daughters exhibited signs and symptoms of post traumatic stress. Defendant further argues that this evidence should not be allowed without proper expert testimony as to the symptoms and behavior displayed by a victim of sexual assault.

Plaintiffs argue that Defendant is mistaken as to the nature of the testimony as Plaintiffs will call expert witnesses to testify as to Plaintiffs' diagnoses and symptoms, but Plaintiffs will also present fact witnesses with respect to those witnesses' observations of Plaintiffs. While the Court will not allow Tina Hawkins and Deborah Williams to testify as to their opinions, they can testify as to their observations of their daughters' behaviors. Further, the Court notes that expert testimony is not required to recover damages of emotional distress. **See *Jrueger v. Cuomo*, 115 F.3d 487, 492 (7th Cir. 1997); *Thorton v. Garcini*, 382 Ill.App.3d 813, 818 (3rd Dist. 2008)**. Therefore, the Court **DENIES** Defendant Jenkin's fourth motion *in limine* (Doc. 85).

E. **Fifth Motion *in Limine***

In Defendant Jenkins' Fifth Motion *in Limine* (Doc. 87) Defendant seeks to exclude numerous statements made by Plaintiffs as well as a letter written by

Melissa Hansen. Specifically, Defendant Jenkins seeks to exclude numerous out of court statements made by Plaintiffs. Defendant seems to argue that other juvenile detainees and Plaintiffs' mothers might testify as to statements made by Plaintiffs. Defendant further argues that Plaintiffs should be excluded from testifying regarding these prior statements because they would be hearsay. Defendant does not explain as to which prior statements he is referring. Defendant further seeks to exclude a letter written by Melissa Hansen directed towards James Beever because it includes hearsay and Ms. Hansen stated that she had no personal knowledge regarding the alleged sexual abuse by Defendant Jenkins. Plaintiffs add that they do not intend to introduce Ms. Hansen's letter as evidence.

The Court DENIES Defendant Jenkins' motion to exclude hearsay statements of the Plaintiffs because Defendant Jenkins' motion in regards to hearsay is too vague to enforce. The Court notes that it does not intend to allow hearsay witnesses without a valid exception, but can not make a blanket exclusion of statements. The Court further GRANTS Defendant Jenkins' motion to exclude Ms. Hansen's letter as Plaintiffs do not object and do not expect to offer the letter as evidence. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Jenkin's fifth motion *in limine* (Doc. 87).

**F.     Sixth Motion *in Limine***

Defendant Jenkins seeks to exclude any testimony from a medical provider or other witness referring to out of court statements made by the Plaintiffs. Defendant notes that Plaintiffs were being treated for drug and alcohol treatment at

rehabilitation facilities, and that they were not being treated for injuries caused by their interaction with Defendant. Defendant argues that since Plaintiffs were being treated for drug and alcohol abuse, any statements made by Plaintiffs not directly related to their drug and alcohol abuse do not fall under the hearsay exception and should thus be excluded. **See FED. R. EVID. 803(4);** ***Hartford Accident & Indemnity Co. v. Carter*, 110 F.2d 355, 356 (5th Cir. 1940).** Defendant Jenkins also argues that any statements regarding fault do not fall under the exception to Rule 803(4). ***Cook v. Hoppin*, 783 F.2d 684, 690 (7th Cir. 1986)**. Plaintiffs argue that while they were at a drug and alcohol rehabilitation facility, they were also diagnosed with certain mental conditions and some of their statements would be admissible under Rule 803(4). The Court can not make a blanket ruling on the statements made by Plaintiffs in the course of their treatment as some statements may or may not be admissible pursuant to Rule 803(4). Instead, the Court must address the statements on a case-by-case basis. Therefore, the Court **DENIES** Defendant's sixth motion *in limine* (Doc. 88).

**G.    Seventh Motion *in Limine***

In Defendant Jenkins' Seventh Motion *in Limine* (Doc. 89), Jenkins argues that any testimony regarding diagnoses from Licensed Clinical Professional Counselors (LCPCs) and Clinical Professional Counselors should be excluded because they are not competent to render a diagnosis in Illinois. Plaintiffs do not object to Defendant Jenkins' motion *in limine,* but do note that while LCPCs are not qualified

to make diagnoses of mental illnesses, they are qualified to identify signs and symptoms of mental illnesses. Plaintiffs, however, note that they will lay the appropriate foundation for any such lay opinion testimony. Therefore, Defendant's seventh motion *in limine* is **GRANTED** (Doc. 89).

**H.** **Eighth Motion *in Limine***

Defendant Jenkins seeks to exclude any testimony regarding any former corrections officer allegedly giving cookies, candy, letters, and other special favors to detainees prior to the alleged inappropriate sexual contact (Doc. 93). Defendant Jenkins argues that testimony regarding another correction officer, Thomas O'Donnell's inappropriate sexual contact with a detainee is irrelevant under **FEDERAL RULE OF EVIDENCE 401** and would only be offered to corroborate testimony of the Plaintiffs with regards to their allegations that Defendant Jenkins gave them cookies and candy. Defendant Jenkins argues that such evidence would be used to show that he acted in conformance with the actions of the former officer and any probative value of the evidence would be outweighed by the danger of unfair prejudice and confusion of the issues. **FED. R. EVID. 403.**

However, Plaintiffs argue that testimony regarding Thomas O'Donnell's acts of sexual misconduct are probative for showing St. Clair County's deliberate indifference to Plaintiff's risk of constitutional injuries. In order to prove a claim under § 1983, a detainee must show that the Defendants were deliberately indifferent. In order to show deliberate indifference, Plaintiffs must demonstrate

"that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." ***Payne for Hicks v. Churchich*, 161 F.3d 1030, 1041 (7th Cir. 1998).** Plaintiffs argue that knowledge of the risk of harm posed by correction officers is evidenced by the prior actions of O'Donnell. Testimony regarding inappropriate sexual contact by other corrections officers is probative for Plaintiffs' § 1983 claim and thus allowed. Therefore, the Court **DENIES** Defendant's eighth motion *in limine* (Doc. 93).

I. **Ninth Motion *in Limine***

Defendant Jenkins seeks to exclude any testimony regarding the diagnosis and treatment of Post Traumatic Stress Disorder (PTSD) of Plaintiff Pepos from Dr. Rizvi and any other medical professional not competent to render a diagnosis (Doc. 124). Defendant states that James Schenk, Syed Rizvi, MD, Robin Osbourne and Kristin Stege from Chestnut Health Systems as potential witnesses to testify regarding Plaintiff Pepos. Defendant argues that Schenk, Osbourne, and Stege are unqualified to render a diagnosis of PTSD. Further, Defendant argues that Dr. Rizvi can not offer evidence as to Plaintiff Pepos' post traumatic stress because he testified that the cause of Pepos' PTS was due to a rape caused by a best friend and another assailant who are unrelated to the case at hand.

However, as Plaintiffs point out, Defendant has mis-characterized the testimony of Dr. Rizvi. Although Dr. Rizvi testified that he attributed Plaintiff Pepos'

PTSD to a rape committed by someone other than Defendant, Dr. Rizvi also testified that Plaintiff Pepos had not told him about her sexual molestation by a prison guard. (Doc. 142, Ex. 2 at pp. 13:12-14, 20:2-9). Further, Dr. Rizvi testified that he could not rule out her molestation by a guard at St. Clair County Juvenile Detention Center as a cause of her PTSD. (*Id*. at 27:10-22). Dr. Rizvi did diagnose Plaintiff Pepos with PTSD but he can not specify as the cause of her PTSD. Therefore, Dr. Rizvi can offer evidence as to Plaintiff Pepos' PTSD.

With regards to James Schenk, while he is not qualified to diagnosis Plaintiff Pepos, as a Licensed Clinical Professional Counsel he did assess her and learned from Plaintiff Pepos that she had been molested by a prison guard. (Doc. 142, Ex. 1 at p. 39:8-13). Schenk also testified that Plaintiff Pepos suffered from nightmares about the prison guard. (Id. at p. 36:7-8). While Schenk is not able to diagnose Plaintiff Pepos, his training does allow him to identify signs of mental illness. Therefore, he is qualified to provide testimony regarding Plaintiff Pepos. Accordingly, the Court **DENIES** Defendant's Ninth Motion *in Limine* (Doc. 1

## J. Motion to Bar Michelle Rogers

Defendant Jenkins has also filed a motion to bar Michelle Rogers from testifying (Doc. 86). Defendant argues that Plaintiffs failed to disclose her opinions and Defendant has been unable to depose her or explore any opinions she may have since no contact information for Ms. Rogers was received from Plaintiffs. However, Ms. Rogers is not being offered as an expert witness. Ms. Rogers was not licensed at the time she worked as a counselor at the Gateway Foundation in Carbondale,

Illinois, where Defendant Hawkins was being treated. Plaintiffs assert that Ms. Rogers will not be offered for the purposes of expert opinion testimony because she could not legally treat Plaintiff Hawkins. However, she does have knowledge of facts concerning Plaintiff's emotional distress and as such will be offered to provide nly lay opinion testimony. Therefore, Plaintiffs do not have to disclose the opinions of Ms. Rogers.

Further, as Plaintiffs correctly point out, Defendant has failed to offer any case law precluding Plaintiffs from calling a lay witness whose contact information and subject of testimony has been properly disclosed under **FEDERAL RULE OF CIVIL PROCEDURE 26.** Plaintiffs have provided both the name and subject of the testimony regarding Ms. Rogers which is all that is required under Rule 26. Although Defendant claims that he never received contact information for Ms. Rogers, Plaintiffs acknowledge that they have been unable to contact Ms. Rogers as well and have disclosed all the contact information they have for Ms. Rogers. Plaintiffs have met the requirements of Rule 26. Therefore, Defendant's motion to bar Michelle Rogers is **DENIED**.

Accordingly, the Court **DENIES** Defendant Jenkins' Second Motion *in Limine* (Doc. 82), Fourth Motion *in Limine* (Doc. 85), Sixth Motion *in Limine* (Doc. 88), Eighth Motion *in Limine* (Doc. 93), Ninth Motion *in Limine* (Doc. 124) and Defendant's Motion to Bar (86). The Court **GRANTS** Defendant's First Motion *in Limine* (Doc. 82) and Seventh Motion *in Limine* (Doc. 89). Further, the Court

**GRANTS IN PART AND DENIES IN PART** Defendant's Third Motion *in Limine* (Doc. 84) and Fifth Motion *in Limine* (Doc. 87).

**IT IS SO ORDERED.**

Signed this 30th day of March, 2009.

/s/    David R Herndon
**Chief Judge**
**United States District Court**